```
                    UNITED STATES BANKRUPTCY COURT
                   MIDDLE DISTRICT OF NORTH CAROLINA
                          GREENSBORO DIVISION


IN RE:                                   )
                                         )
ELIZABETH A. MOSS a/k/a LISA             )   Case No. 03-12672c-7G
MOSS, ELIZABETH MOSS STRICKLAND,         )
and ELIZABETH ALLISON MOSS,              )
                                         )
              Debtor.                    )
                                         )
_____  )
                                         )
DIXIE LEE BOOTH,                         )
                                         )
              Plaintiff,                 )
         v.                              )   Adversary No. 04-2004
                                         )
ELIZABETH A. MOSS a/k/a LISA             )
MOSS, ELIZABETH MOSS STRICKLAND,         )
and ELIZABETH ALLISON MOSS and           )
BENJAMIN EARL STRICKLAND,                )
                                         )
              Defendants.                )
_____  )
                                         )
ELIZABETH A. MOSS a/k/a LISA             )
MOSS, ELIZABETH MOSS STRICKLAND,         )
and ELIZABETH ALLISON MOSS,              )
                                         )
              Third-Party                )
              Plaintiff,                 )
                                         )
         v.                              )
                                         )
BENJAMIN EARL STRICKLAND,                )
                                         )
              Third-Party                )
              Defendant.                 )
```

MEMORANDUM OPINION


In this adversary proceeding the plaintiff seeks damages from two defendants, Elizabeth Moss Strickland ("Ms. Strickland") and

Benjamin Earl Strickland ("Mr. Strickland"). Ms. Strickland has filed an answer, while Mr. Strickland has not done so. Plaintiff has moved for entry of default and default judgment as to Mr. Strickland. Pursuant to plaintiff's motion, an entry of default has been filed against Mr. Strickland and the issue remaining for determination is whether a default judgment should be entered against Mr. Strickland at this time, bearing in mind that judgment cannot be entered at this time against the co-defendant, Ms. Strickland, since she is not in default.

In deciding whether a default judgment should be entered against one of several co-defendants it is important to consider whether the action involves joint liability or joint and several liability on the part of the defendants. Joint liability exists when several defendants share the same liability and each is individually liable for the entire obligation. 86 C.J.S. <u>Torts</u> § 42 ("Each participant in a wrongful act is responsible as a joint tort-feasor for all the ensuing damage regardless of whether or not he or she was the direct actor and the degree of his or her activity or culpability."). For example, all persons who act in concert to carry out a common design may be held individually liable for the common wrong, such as when two parties conspire to defraud a third-party. See <u>Prosser and Keeton on The Law of Torts,</u> § 46 (W. Page Keeton, ed., 5th ed. 1984) (explaining that the word "conspiracy" is often used in the context of a discussion on joint liability). In contrast, several liability exists when the

- 3 -

liability of one party is "separate and distinct from another's liability so that the plaintiff may bring a separate action against one defendant without joining the other liable parties." Black's Law Dictionary 933 (8th ed. 2004). If a party is severally liable, then that party's own actions – independent of what any other person has done – establishes that party's liability without having to resort to imputing the acts of another to the defendant. Therefore, when a party is deemed to be jointly and severally liable, it means that "[l]iability . . . may be apportioned either among two or more parties or to only one or a few select members of the group at the adversary's discretion." Id.

When parties are jointly liable, judgment ordinarily should not be entered against one defendant while the liability of the other defendants remains unresolved. The rules applicable when parties are jointly liable were articulated by the United States Supreme Court:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike -- the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending

>   the continuance of the cause, would be incongruous and
>   illegal.

Frow v. De La Vega, 82 U.S. 552, 554 (1872) (noting the absurdity that would occur if the party against whom a default was entered was made to pay the judgment when the other jointly liable defendants were vindicated on the merits of the action).

When parties are jointly and severally liable, there ordinarily is no impediment to judgment being entered against one defendant while the liability of the other defendants remains unresolved. As stated by the North Carolina Supreme Court, where joint and several liability is involved, the principles articulated in Frow simply do "not apply because the defendants are not so closely tied that the judgment against each must be consistent." Harlow v. Voyager Communs. V, 501 S.E.2d 72, 74 (N.C. 1998). In short, as a general rule, with joint and several liability "the matter can be decided individually against one defendant without implicating the liability of other defendants." Id. See also 10-55 Moore's Federal Practice - Civil, § 55.25 (Matthew Bender 2005) ("Frow also does not apply to cases involving the joint and several liability of multiple defendants for damages, because in such a case the liability of each defendant is not necessarily dependent on the liability of any other defendant, and plaintiff may be made whole by a full recovery from any defendant.").

The general rule permitting judgment against less than all defendants who are jointly and severally liable, however, may not be applicable where the defendants, even though jointly and

severally liable, are similarly situated. In such a situation the general principles adduced in <u>Frow</u> are applicable and judgment against one of the jointly and severally liable defendants is not appropriate. <u>Moore's Federal Practice - Civil,</u> § 55.25 ("When multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."). See <u>also</u> <u>Nielson v. Chang (In re First T.D. & Inv. Inc.),</u> 253 F.3d 520, 552-53 (9th Cir. 2001) (holding that the trustee was not entitled to prevail on default judgments entered against a few of the 132 investors in a Ponzi scheme, notwithstanding the "several" nature of their liability, when the bankruptcy court had rejected the trustee's legal theory against the answering defendants and all the defendants were similarly situated and faced identical legal issues); <u>Lewis v. Lynn,</u> 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from the favorable ruling on the appearing party's summary judgment motion because it would be "'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants."); <u>Whelan v. Abell,</u> 953 F.2d 663, 674 (D.C. Cir.) ("[I]n cases involving multiple defendants, a default order that is inconsistent with a judgment on the merits must be set aside only when liability is truly joint – that is, when the theory of recovery requires that all

defendants be found liable if any one of them is liable – and when the relief sought can only be effective if judgment is granted against all."), amended at No. 90-7016, 1992 U.S. App. 6180 (D.C. Cir.), cert. denied sub. nom., Toomey v. Whelan, 506 U.S. 906 (1992); Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) (holding that the principle that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits" is sound policy). Cf. Westinghouse Elec. Corp. v. Rio Algom Ltd. (In re Uranium Antitrust Litigation), 617 F.2d 1248, 1257 (7th Cir. 1980) (stating that Frow was not applicable where different results as to different parties were not logically inconsistent).

In this proceeding, even though the liability of Mr. and Ms. Strickland is alleged to be joint and several, judgment against Mr. Strickland alone is not appropriate because Mr. and Ms. Strickland are similarly situated. The plaintiff alleges that both Mr. and Ms. Strickland executed a warranty deed to 2349 Brandt Village, that both of them were obligated to deliver 2349 Brandt Village to her free of all encumbrances, that they failed to disclose the BB&T deed of trust, and that both knowingly received proceeds from BB&T after the sale of the property to the plaintiff. Based on this alleged conduct, the plaintiff seeks to recover from both Mr. and Ms. Strickland on counts of breach of warranty, breach of contract,

and fraud. Consonant with the principles enunciated above, it would be incongruous to allow the default judgment against Mr. Strickland to be executed when the merits of the litigation could turn out favorably to Ms. Strickland based on the identical legal theories and facts that are asserted against the non-answering party, Mr. Strickland. Because a possibility exists that separate judgments ultimately might be logically inconsistent, the court concludes that it would be inappropriate to enter a default judgment against Mr. Strickland at this time. Accordingly, the plaintiff's motion for entry of default and default judgment shall be denied to the extent that it seeks the entry of default judgment against Mr. Strickland.

This memorandum opinion constitutes the court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

A copy of the foregoing was served electronically or conventionally to:

Charles M. Ivey

Robert L. McClellan

Everett B. Saslow

Elizabeth Moss Strickland
2808 County Clare Road
Greensboro, NC 27407

Benjamin Earl Strickland
1915 Jeter Mountain Road
Hendersonville, NC 28739