```
               IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                        GREENSBORO DIVISION

IN RE:                            )
                                  )
ELIZABETH A. MOSS a/k/a LISA      )  Case No. 03-12672
MOSS, ELIZABETH MOSS STRICKLAND,  )
and ELIZABETH ALLISON MOSS,       )
                                  )
               Debtor.            )
_____)
                                  )
DIXIE LEE BOOTH and               )
COMMONWEALTH LAND TITLE           )
INSURANCE COMPANY,                )
                                  )
               Plaintiffs,        )
                                  )
     v.                           )  Adversary No. 04-2004
                                  )
ELIZABETH A. MOSS a/k/a LISA      )
MOSS, ELIZABETH MOSS STRICKLAND,  )
and ELIZABETH ALLISON MOSS and    )
BENJAMIN EARL STRICKLAND,         )
                                  )
               Defendants.        )
```

## MEMORANDUM OPINION

Commonwealth Land Title Insurance Company ("Commonwealth") requests that the court join it as a plaintiff to this adversary proceeding.  Commonwealth claims that it is subrogated to the rights of the named Plaintiff, Dixie Lee Booth, after having satisfied Ms. Booth's claims by paying all sums that she seeks to recover from the Defendants.  For the reasons stated herein, the court will join Commonwealth as a plaintiff in this action pursuant to Fed. R. Civ. P. 25(c) and Fed. R. Bankr. P. 7025.

FACTS

Ms. Booth purchased real property from the Defendants under a general warranty deed.  The title search failed to disclose a properly recorded deed of trust in favor of BB&T, which secured the Defendants' line of credit and which was not disclosed by the Defendants. Subsequently, the Defendants exhausted their line of credit, failed to make payments on the debt, and BB&T initiated foreclosure proceedings against the property that Ms. Booth acquired from the Defendants.

After one of the Defendants, Ms. Strickland, filed bankruptcy, Ms. Booth filed this adversary proceeding seeking to recover the amount of the indebtedness secured by the BB&T deed of trust, plus court costs and attorneys' fees, on counts of fraud and breach of contract.  Ms. Booth also sought to except any recovery from Ms. Strickland's bankruptcy discharge under 11 U.S.C. § 523(a)(2) and (6) based on Ms. Strickland's allegedly fraudulent conduct and on the basis that the resulting debt arose from a wilful and malicious injury.

After Ms. Booth filed the adversary proceeding, Commonwealth, acting pursuant to its policy of title insurance, satisfied the lien in favor of BB&T and paid Ms. Booth the other sums that she sought to recover in her complaint.  Accordingly, Ms. Booth no longer has any loss, and Commonwealth seeks to pursue Ms. Booth's causes of action against the Defendants as the real party in

interest.

## ANALYSIS

At the August 9, 2005, hearing on Commonwealth's motion to be joined as a party plaintiff, the court expressed concern over whether North Carolina law allowed Commonwealth to be subrogated to Ms. Booth's fraud-based claims.  The court is now convinced that North Carolina law does allow for such subrogation rights and will grant Commonwealth's motion.

"Subrogation" is a legal fiction used to substitute one party in the place of another and "it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer."  73 Am. Jur. 2d Subrogation § 1 (2004).  See also  Boney v. Central Mut. Ins. Co., 197 S.E. 122, 126 (N.C. 1938) (same).

Subrogation is not to be confused with whether a claim may be assigned.  For example, under North Carolina law, personal injury torts are not assignable.  E.g., Investors Title Ins. Co. v. Herzig, 413 S.E.2d 268, 271 (N.C. 1992) ("Claims such as defamation, abuse of process, malicious prosecution or conspiracy to injure another's business are not assignable as such claims are considered personal torts. . . . The causes of action of conspiracy to commit fraud and unfair practice are also personal in nature.").  Underlying this rule is a policy intended to protect the injured

party and to prevent champerty – so that an unrelated third-party cannot reap a windfall by paying the injured party a pittance for the claim and then prosecute litigation for injuries that the party never suffered.  See id. at 272 ("The assignment of an unfair practice claim would wreak havoc by creating a market for claims of a personal nature.").

Subrogation, however, does not implicate the same policy concerns.  Subrogation does not involve a party obtaining a windfall profit at the expense of an injured party; rather, subrogation allows the injured party to be fully indemnified while, at the same time, affording a means for imposing ultimate liability upon the wrongdoer who caused the loss in the first instance. Thus, even when a claim cannot be assigned, the rights to prosecute that claim may pass to an insurer through subrogation.  Id. (holding that the nonassignability of personal injury claims does not mean that subrogation is unavailable to an insurer to recover any monies paid); 44A Am. Jur. 2d Insurance § 1771 (2004) ("[A]n insurance policy provision subrogating an insurer to the rights of the insured to the extent that payments are advanced to the insured is distinct from an assignment of a tort claim, and is not against public policy.").

In a dischargeability proceeding pending in the bankruptcy court, the right of an insurer to be subrogated to a party's fraud based claims is dependent on state law.  See Barnhill v. Johnson,

503 U.S. 393, 398 (1992) ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law.").  See also In re Spirtos, 103 B.R. 240, 245-46 (Bankr. C.D. Cal. 1989) (applying state law in recognizing the subrogation rights of an insurer).

Where applicable state law recognizes subrogation rights, bankruptcy courts have allowed an insurer to be subrogated to a plaintiff's fraud-based claims in the context of litigation seeking to except that debt from discharge under 11 U.S.C. § 523.  E.g., Highlands Ins. Co. of Houston, TX v. Bozzo (In re Bozzo), 693 F.2d 90, 91 (9th Cir. 1982) ("It was to [the insurer's] advantage that any judgment for [the creditor] against the [debtors] be based on fraud since [the insurer] would then be subrogated to a nondischargeable claim . . . ."); Cincinnati Ins. Co. v. Nelson (In re Nelson), No. 01-5269, 2002 Bankr. LEXIS 1869 at *7 (Bankr. D. Kan. Feb. 26, 2002) ("Because Cincinnati Insurance has honored its bonds to the Orth Conservatorships, Cincinnati is subrogated to the conservatorships' claims against Mrs. Nelson for fiduciary fraud or defalcation.");  In re Morris, 31 B.R. 474, 478 (Bankr. N.D. Ill. 1983) ("Plaintiff is subrogated to Sears' rights concerning its claim against Debtor arising from his fraudulent and dishonest acts.").

The applicable state law in this proceeding is the law of North Carolina, the only state with any connection to the

transactions and parties involved in this proceeding.  The right of subrogation in North Carolina is "highly favored."  <u>Lyon & Sons, Inc. v. N. C. State Board of Education</u>, 76 S.E.2d 553, 559 (N.C. 1953).  "[C]ourts are inclined rather to extend than restrict the principles [by giving it] a very liberal application.'"  <u>Id.</u> (quoting <u>Boney, Ins. Comr., v. Ins. Co.</u>, 197 S.E. 122, 126 (N.C. 1938).  Given the strong support shown the doctrine of subrogation by the North Carolina courts, the court is convinced that the North Carolina courts would allow Commonwealth to be subrogated to the claims of Ms. Booth, including the fraud-based claims.

## CONCLUSION

Therefore, finding no prohibition to an insurer's subrogation rights with respect to fraud-based claims under North Carolina law, the Court will join Commonwealth as a party plaintiff to this action.  A separate order so providing will be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

A copy of the foregoing was mailed
electronically or conventionally to:

Robert L. McCellan

Michael D. West

Everett B. Saslow, Jr.

Elizabeth Moss Strickland
2808 County Clare Road
North Carolina 27407

Benjamin Earl Strickland
1915 Jeter Mountain Road
Hendersonville, N.C. 28739